IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADLEY ALLEN WOLFE,

    Plaintiff,                    No. CIV S-08-0521 FCD DAD P

    vs.

GARY R. STANTON, et al.,

    Defendants.            <u>ORDER</u>

/

        Plaintiff is an inmate at the Solano County Jail and proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has filed an application requesting leave to proceed in forma pauperis; however, the form is incomplete. Plaintiff has not authorized the collection of funds from his inmate trust account for the filing fee, there is no certification from the authorized official at the jail, and the trust account statement has not been certified and does not cover the six-month period immediately preceding the filing of this action. Therefore, the application will be denied without prejudice and plaintiff may submit a new application and a certified copy of his trust account statement.

1

1    The court is required to screen complaints brought by prisoners seeking relief
2    against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.
3    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5    granted, or that seek monetary relief from a defendant who is immune from such relief. See 28
6    U.S.C. § 1915A(b)(1) & (2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13   Cir. 1989); Franklin, 745 F.2d at 1227.

14   A claim should be dismissed for failure to state a claim upon which relief may be
15   granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
16   claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
17   Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
18   F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
19   accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees,
20   425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
21   to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S.
22   411, 421 (1969).

23   Here, plaintiff has not provided a statement of his claim or claims.  Plaintiff
24   merely refers to the prison administrative grievances attached to his complaint.  Plaintiff is
25   required to describe his claims and to identify the federal law or right under the U.S. Constitution
26   that has been violated by the defendants as a result of their alleged actions.  Although the Federal

Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 7, 2008 application to proceed in forma pauperis is denied without prejudice;

3

1        2. Plaintiff shall submit, within thirty days from the service of this order, a
2  properly completed application to proceed in forma pauperis on the form provided with this order
3  and a certified copy of his inmate trust account;
4        3. Plaintiff's complaint is dismissed;
5        4. Plaintiff is granted thirty days from the date of service of this order to file an
6  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
7  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
8  docket number assigned to this case and must be labeled "Amended Complaint";
9        5. The Clerk of the Court is directed to provide plaintiff with the court's form
10 application for requesting leave to proceed in forma pauperis by a prisoner and form complaint
11 for a § 1983 action; and
12       6. Plaintiff's failure to comply with this order will result in a recommendation
13 that this action be dismissed without prejudice.
14 DATED: April 7, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wol0521.14

4